# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| HARRY D. CHALMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV414-264 |
| ) | |
| ADA MICHAEL DERNARD and ) | |
| BRANDON THOMAS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Harry D. Chalmers, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint seeking damages and release from incarceration because his public defenders waived his right to a preliminary hearing without his consent. (Doc. 1.) His complaint should be dismissed.[1]

---

[1] The Court screens his complaint to determine whether he has stated a cognizable claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); *see also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

Chalmers' damages claim fails. To state a viable § 1983 claim, a plaintiff must assert *"both an alleged constitutional deprivation . . . and that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." Am. Mfr. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis in original; citations and quotations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk v. Dodson*, 454 U.S. 314, 325 (1981). As Chalmers' defense lawyers were not state actors, his claims against them fail.

In addition to seeking damages, Chalmers also demands that the state criminal case against him be dismissed. It is well established, however, that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement); *see Hudson v. Hubbard*, 358 F. App'x 116,

119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)). To secure release from his confinement Chalmers must pursue habeas corpus relief. And to do that properly, he must first exhaust his state court remedies. *See, e.g., Perry v. St. Lawrence*, No. CV412-129, doc. 9 (S.D. Ga. Sep. 28, 2012) (dismissing federal habeas petition for lack of exhaustion).

This case must be **DISMISSED**. Additionally, Chalmers is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes at $30.91 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by

the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 15" day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA